IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee | ) ) ) ) | |
| *Plaintiffs,* | ) ) | Case No. |
| v. | ) ) ) | Judge |
| | ) | Magistrate Judge |
| OLMSTEAD CONSTRUCTION, INC., a dissolved Iowa corporation, and DANIEL OLMSTEAD, an individual d/b/a OLMSTEAD CONSTRUCTION, INC. | ) ) ) ) ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund"), and Charles A. Whobrey, one of the Pension Fund's present trustees, allege as follows:

### JURISDICTION AND VENUE

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and is a suit to recover employer contributions and interest owed to the Pension Fund by Defendants in accordance with applicable collective bargaining, participation, and trust fund agreements.

2. This Court has jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Pension Fund is an "employee benefit plan" as that term is defined in ERISA and is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this

Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect unpaid contributions.

## PARTIES

4. The Pension Fund is an employee benefit plan and trust, with its principal and exclusive office located at 8647 West Higgins Road in Chicago, Illinois.

5. The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

6. Plaintiff Charles A. Whobrey is a trustee and "fiduciary" of the Pension Fund as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Charles A. Whobrey is authorized to bring this action on behalf of the Pension Fund and its participants and beneficiaries in his capacity as a trustee and fiduciary.

7. Olmstead Construction, Inc. ("OLMSTEAD") was corporation that was organized under the laws of the State of Iowa and dissolved on September 28, 2022. Berry Development Corporation was an Iowa corporation that controlled OLMSTEAD and then merged with OLMSTEAD. OLMSTEAD is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

8. For all relevant times up until September 28, 2022, Daniel Olmstead (DANIEL) was a shareholder of OLMSTEAD. After the dissolution of OLMSTEAD on September 28, 2022, Daniel Olmstead assumed the assets of OLMSTEAD and continued the business of OLMSTEAD

as an unincorporated sole proprietorship (the "PROPRIETORSHIP"). As a result, the PROPRIETORSHIP is liable for the obligations of OLMSTEAD as a successor employer and/or alter ego and assumed the existing contractual obligations of OLMSTEAD.

## BACKGROUND INFORMATION

9. Chauffeurs, Teamsters and Helpers Local Union No. 238 ("Local 238") of the IBT is a labor organization which represents, for the purpose of collective bargaining, certain employees of OLMSTEAD and the PROPRIETORSHIP as well as employees of other employers in industries affecting interstate commerce.

10. During all relevant times, OLMSTEAD and Local 238 have been parties to a collective bargaining agreement pursuant to which OLMSTEAD has been required to make contributions to the Pension Fund on behalf of certain of its covered employees. The PROPRIETORSHIP assumed the collective bargaining agreement after the dissolution of OLMSTEAD and as the successor employer and/or alter ego of OLMSTEAD is liable.

11. OLMSTEAD agreed to be bound by the terms of the Pension Fund's Trust Agreement (the "Trust Agreement") and all rules and regulations promulgated by the Trustees under said Trust Agreement. The PROPRIETORSHIP assumed the Trust Agreement after the dissolution of OLMSTEAD.

12. Under Article III, Section 1 of the Trust Agreement, OLMSTEAD and the PROPRIETORSHIP have been required to "remit continuing and prompt Employer Contributions to the Trust Fund as required by the applicable collective bargaining agreement, participation agreement, this [Trust] Agreement and/or . . . applicable law . . . ."

13. Article XIV, Section 4 of the Trust Agreement provides that:

Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies

to which the parties may be entitled, an Employer shall be obligated to pay interest on any Employer Contributions due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer with respect to past due Employer Contributions (other than withdrawal liability) prior to the entry of a judgment, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized interest rate of 7.5% (whichever is greater). The prejudgment interest payable by an employer with respect to past due withdrawal liability shall be computed and charged to the Employer at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged. Any judgment against an Employer for Employer Contributions owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid Employer Contributions. The interest rate after entry of a judgment against an Employer for Employer Contributions (other than withdrawal liability) shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized interest rate of 7.5% (whichever is greater), and such interest shall be compounded annually. The interest rate after entry of a judgment against an employer for withdrawal liability shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, and such interest shall be compounded annually.

14. During the weeks (Saturday through Sunday) of period from December 26, 2021 through November 6, 2022, OLMSTEAD and the PROPRIETORSHIP employed Strad Dighton ("Dighton") to perform work covered by the collective bargaining agreement but OLMSTEAD and the PROPRIETORSHIP failed to report Dighton's work history to the Pension Fund and failed to pay any contributions to the Pension Fund on his behalf.

## **STATUTORY AUTHORITY**

15. Section 515 of ERISA, 29 U.S.C. § 1145, provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

16. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --
>
> (A)    the unpaid contributions,
>
> (B)    interest on the unpaid contributions,
>
> (C)    an amount equal to the greater of—
>
>      (i)    interest on the unpaid contributions, or
>
>      (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E)    such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

17. Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), provides, "A civil action may be brought—"

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan . . . .

## COUNT I:

## STATUTORY AND CONTRACTUAL VIOLATIONS AGAINST OLMSTEAD

18. OLMSTEAD has breached the provisions of ERISA, the collective bargaining agreement and the Trust Agreement by failing to pay the contributions (and interest due thereon) owed to the Pension Fund for the period from December 27, 2021 through November 6, 2022 on behalf of its Dighton.

19. Despite demands that OLMSTEAD perform its statutory and contractual obligations with respect to making contributions to the Pension Fund for Dighton, OLMSTEAD has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 18.

20. OLMSTEAD owes the Pension Fund $16,890.57 for unpaid contributions (including interest through November 27, 2023) for Dighton for the period of December 27, 2021 through November 6, 2022 as a result of the conduct set forth in paragraph 18.

**WHEREFORE,** Plaintiffs request the following relief against Defendant OLMSTEAD:

(a) A judgment against Defendant OLMSTEAD in favor of the Pension Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

> (i) the unpaid contributions owed to the Fund based upon the work performed by Dighton for the period of December 27, 2021 through the week ending on November 6, 2022;
>
> (ii) interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth

                (15th) day of the month for which the interest is charged, or (b) an annualized interest rate of 7.5%;

        (iii)    an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

        (iv)    attorney's fees and costs.

    (b)    Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

    (c)    Such further or different relief as this Court may deem proper and just.

## COUNT II:

### STATUTORY AND CONTRACTUAL VIOLATIONS AGAINST DANIEL– SHAREHOLDER AND DIRECTOR LIABILITY PURSUANT TO THE IOWA BUSINESS CORPORATION ACT

21.    The Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-20 of this Complaint with the same force and effect as if fully set forth herein.

22.    As of September 28, 2022, Daniel Olmstead held officer positions of OLMSTEAD and also was the majority shareholders of OLMSTEAD.

23.    Sections 490.622 of the Iowa Business Corporation Act provides that a shareholder may become personally liable by reason of the shareholder's own acts or conduct. I.C.A. § 490.622 (b)

24. Upon information and belief, DANIEL acted in violation of Section 490.622 (b) of the Iowa Business Corporation Act in that he improperly transferred assets of OLMSTEAD to themselves and/or other entities he owned, rather than pay OLMSTEAD's creditors.

25. DANIEL is also personally liable for the contributions owed for the period after September 28, 2022 because he continued in business after the dissolution of OLMSTEAD.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment as follows:

(a) Judgment against DANIEL in an amount equal to the value of all assets he transferred from OLMSTEAD to himself and other entities he owned and/or for the contributions and interest due after the dissolution of OLMSTEAD;

(b) A constructive trust and equitable lien on all property that was wrongfully transferred from OLMSTEAD to DANIEL;

(c) Judgment for the attorney's fees and costs expended by the Plaintiffs in collecting the contributions owed by OLMSTEAD; and

(d) For all other relief that this Court deems to be just and appropriate.

## COUNT III

## CLAIM FOR STATUTORY AND CONTRACTUAL VIOLATIONS AGAINST DANIEL– SUCCESSOR AND ALTER EGO LIABLITY

26. The Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-25 of this Complaint with the same force and effect as if fully set forth herein.

27. DANIEL was the owner of OLMSTEAD.

28. Because of his common ownership and management, DANIEL was aware of OLMSTEAD's obligations to the Plaintiffs.

29. Upon information and belief, OLMSTEAD and the PROPRIETORSHIP shared common employees.

30. Upon information and belief, OLMSTEAD and the PROPRIETORSHIP shared some or all of the same tools, inventory, vehicles and equipment.

31. Upon information and belief, OLMSTEAD and the PROPRIETORSHIP shared the same customer list and maintained other joint corporate records.

32. Upon information and belief, OLMSTEAD and the PROPRIETORSHIP collected on accounts receivables of OLMSTEAD.

33. Upon information and belief, OLMSTEAD and the PROPRIETORSHIP conduct the same type of business.

34. Upon information and belief, OLMSTEAD and the PROPRIETORSHIP have commingled assets with each other.

35. After OLMSTEAD's dissolution, DANIEL continued its operations with the assets of OLMSTEAD as the PROPRIETORSHIP.

36. The PROPRIETORSHIP is the alter-egos of OLMSTEAD and is directly liable to the Plaintiff for the contractual and financial obligations of OLMSTEAD.

37. The PROPRIETORSHIP is the disguised continuance of OLMSTEAD and, therefore, are directly liable for the debts of OLMSTEAD.

38. The Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from OLMSTEAD.

39. The Plaintiffs have complied with all conditions precedent in bringing this suit.

40. The PROPRIETORSHIP is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Participation Agreement, Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2).

**WHEREFORE,** Plaintiffs request the following relief against Defendant DANIEL:

(d) A judgment against the PROPRIETORSHIP in favor of the Pension Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

> (i) the unpaid contributions owed to the Fund based upon the work performed by Dighton for the period of December 27, 2021 through the week ending on November 6, 2022;
>
> (ii) interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) an annualized interest rate of 7.5%;
>
> (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and
>
> (iv) attorney's fees and costs.

(e) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(f) Such further or different relief as this Court may deem proper and just.

          Respectfully submitted,

          */s/ Cara Anthaney*
          Cara M. Anthaney
          (ARDC #6304583)
          CENTRAL STATES FUNDS
          Law Department
          8647 W. Higgins Road, 8th Floor
          Chicago, Illinois 60631
          (847) 939-2367
          canthane@centralstatesfunds.org

January 2, 2024        *ATTORNEY FOR PLAINTIFFS*