## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 24-cv-21 |
| v. | ) ) | Judge John Robert Blakey |
| | ) ) | Magistrate Judge Gabriel A. Fuentes |
| OLMSTEAD CONSTRUCTION, INC., a dissolved Iowa corporation, and MATTHEW OLMSTEAD, an individual d/b/a OLMSTEAD CONSTRUCTION, INC. | ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT[1]

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Charles A. Whobrey, one of the Pension Fund's present Trustees, respectfully move this Court pursuant to Federal Rules of Civil Procedure 55(a) and 55(b) for entry of default judgment against Defendants. In support of this motion, Plaintiffs state as follows:

### I.  Jurisdiction and Venue

1.  On January 3, 2024, Plaintiffs filed their First Amended Complaint ("Compl.") against Defendants Olmstead Construction, Inc. ("OLMSTEAD") and Matthew Olmstead ("MATTHEW" and collectively "Defendants") pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). In this action, Plaintiffs seek to collect delinquent employer contributions due and owing to the Pension Fund by Defendants, as well as

---

[1] On February 15, 2024, the Court found Defendants to be in default pursuant to Fed. R. Civ. P. 55(a) based on the proof of service filed and lack of appearance. Dkt. No. 12.

interest, liquidated damages, attorney's fees, and costs.

2.     This Court has jurisdiction over this action under sections 502(e) and 502(f) of ERISA, 29 U.S.C. §§ 1132(e) and 1132(f).

3.     The Pension Fund is a multiemployer plan and an employee pension benefit plan (as those terms are defined in 29 U.S.C. §§ 1002(2), (37)) and is administered from its principal and exclusive offices located in Chicago, Cook County, Illinois. (*Declaration of Victoria Benitez* (hereinafter, "Benitez Decl."), ¶ 4, attached hereto as **Exhibit A**; *First Amended Complaint*, ("Compl.") [Dkt. No. 6], ¶4.)[2] Accordingly, venue properly lies in this District under 29 U.S.C. § 1132(e)(2). Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement (the "Trust Agreement"), which designates this District as the proper forum for suits to collect delinquent contributions. (Benitez Decl., ¶ 11; Compl., ¶ 3.)

4.     On the date this action was filed and to the present date, Plaintiff Charles A. Whobrey has been one of the trustees and a fiduciary of the Pension Fund. (Benitez Decl., ¶ 5; Compl., ¶ 6.) Pursuant to 29 U.S.C. § 1132(a)(3), Mr. Whobrey is authorized to bring this action on behalf of the Pension Fund, its participants, and its beneficiaries in his capacity as trustee and fiduciary for the purpose of collecting unpaid contributions. (Benitez Decl., ¶ 5; Compl., ¶ 6.)

## II.     Defendants are Liable for Delinquent Contributions to the Pension Fund

### a.     <u>Statutory and contractual violations against Olmstead</u>

5.     The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions

---

[2] For purposes of a motion for entry of default and default judgment, when a party fails to answer or appear, an entry of default and default judgment is appropriate, and all factual allegations of the complaint are taken as true, except those relating to the amount of damages. *See* Fed. R. Civ. P. 55(a); *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).

affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. (Benitez Decl., ¶ 6; Compl., ¶ 5.) All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund. (Benitez Decl. ¶ 6; Compl., ¶ 5.)

6.      For all relevant times up until September 28, 2022, MATTHEW was a shareholder of OLMSTEAD. After the dissolution of OLMSTEAD on September 28, 2022, Matthew Olmstead assumed the assets of OLMSTEAD and continued the business of OLMSTEAD as an unincorporated sole proprietorship (the "PROPRIETORSHIP") (Compl., ¶ 8) As a result, the PROPRIETORSHIP is liable for the obligations of OLMSTEAD as a successor employer and/or alter ego and assumed the existing contractual obligations of OLMSTEAD. (Compl., ¶ 8)

7.      Local Union No. 238 ("Local 238") of the IBT is a labor organization which represents, for the purpose of collective bargaining, certain employees of OLMSTEAD and the PROPRIETORSHIP and employees of other employers in industries affecting interstate commerce. (Benitez Decl., ¶ 8; Compl., ¶10.)

8.      During all relevant times, OLMSTEAD and Local 238 have been parties to a collective bargaining agreement ("CBA") pursuant to which OLMSTEAD has been required to make contributions to the Pension Fund on behalf of certain of its covered employees. The PROPRIETORSHIP assumed the collective bargaining agreement after the dissolution of OLMSTEAD and as the successor employer and/or alter ego of OLMSTEAD is liable. (Compl., ¶ 10.)

9.      OLMSTEAD agreed to be bound by the terms of the Pension Fund's Trust Agreement (the "Trust Agreement") and all rules and regulations promulgated by the Trustees

under said Trust Agreement. The PROPRIETORSHIP assumed the Trust Agreement after the dissolution of OLMSTEAD. (Compl., ¶ 11.)

10.     OLMSTEAD and the PROPRIETORSHIP have breached the provisions of ERISA, the CBA, and the Trust Agreement by failing to report the work history and pay the required contributions owed on behalf of employee Strad Dighton ("Dighton") who performed work covered by the CBA during each of the weeks (Sunday through Saturday) of the period from December 26, 2021 through November 5, 2022. (Benitez Decl. ¶ 15; Compl. ¶ 14.)[3]

**b.** **Statutory and contractual violations against Matthew-Shareholder and**
**Director Liability Pursuant to the Iowa Business Corporation Act**

11.     As of September 28, 2022, Matthew Olmstead held officer positions of OLMSTEAD and also was the majority shareholders of OLMSTEAD. (Compl. ¶ 22.)

12.     Sections 490.622 of the Iowa Business Corporation Act provides that a shareholder may become personally liable by reason of the shareholder's own acts or conduct. I.C.A. § 490.622 (b). (Compl. ¶ 23.)

13.     MATTHEW acted in violation of Section 490.622 (b) of the Iowa Business Corporation Act in that he improperly transferred assets of OLMSTEAD to themselves and/or other entities he owned, rather than pay OLMSTEAD's creditors. (Compl. ¶ 24.)

14.     MATTHEW is also personally liable for the contributions owed for the period after September 28, 2022 because he continued in business after the dissolution of OLMSTEAD. (Compl. ¶ 25.)

---

[3] It has come to Plaintiffs' counsel's attention that in the First Amended Complaint, the dates for work performed by Dighton were mistakenly stated as through November 6, 2022. This error is acknowledged and does not affect the legal analysis or damages calculation of the case, and all subsequent references should correctly refer to Dighton's work period as weeks (Sunday through Saturday) of the period from December 26, 2021 through November 5, 2022.

    **c.** **Statutory and Contractual Violations Against Matthew—Successor and Alter Ego Liability**

15.    MATTHEW was the owner of OLMSTEAD. (Compl. ¶ 27.)

16.    Because of his common ownership and management, MATTHEW was aware of OLMSTEAD's obligations to the Plaintiffs. (Compl. ¶ 28.)

17.    The PROPRIETORSHIP is the alter-egos of OLMSTEAD and is directly liable to the Plaintiff for the contractual and financial obligations of OLMSTEAD. (Compl. ¶ 36.)

18.    The PROPRIETORSHIP is the disguised continuance of OLMSTEAD and, therefore, are directly liable for the debts of OLMSTEAD. (Compl. ¶ 37.)

19.    The Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from OLMSTEAD. (Compl. ¶ 38.)

20.    The Plaintiffs have complied with all conditions precedent in bringing this suit. (Compl. ¶ 39.)

## III.    Service of the Complaint and Summons

21.    On January 14, 2024, Defendants were served with a copy of a Summons and Complaint. (*See* Summons Returned Executed, *Dkt. Nos. 9 & 10*)

22.    Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants required to file an answer or other responsive pleading to the Complaint on or before February 5, 2024.

23.    To date, Defendants have not filed an answer to the Complaint, and no attorney has filed an appearance on behalf of Defendants.

24.    Accordingly, Defendants are in default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

## IV.    Calculation of Requested Judgment Amount

25.    Pursuant to 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to the following relief when prevailing in an action to recover delinquent contributions:

(i)    the unpaid contributions;

(ii)    interest on the unpaid contributions;

(iii)    an amount equal to the greater of the interest or liquidated damages as provided by the plan in an amount not in excess of twenty percent (20%) of the unpaid contributions;

(iv)    reasonable attorneys' fees and costs; and

(v)    such other relief as the court deems appropriate.

An award of these amounts is mandatory. *Cent. States, Se. & Sw. Areas Health Fund v. Gerber Truck Serv., Inc.*, 870 F.2d 1148, 1156 (7th Cir. 1989) (en banc).

26.    Defendants owe the Pension Fund $15,043.70 for delinquent contributions (not including interest) based upon the work performed by Dighton for the period of December 27, 2021 through the week ending on November 5, 2022. (Benitez Decl., ¶ 16.)

27.    Pursuant to 29 U.S.C. § 1132(g)(2), the Pension Fund charges and computes interest at the rate set by the plan.

28.    Under Article XIV, Section 4 of the Trust Agreement, the Pension Fund computes and charges pre-judgment interest on late and delinquent contributions at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged; or (b) an annualized interest rate of 7.5%. (Benitez Decl., ¶ 17.)

29.    Accordingly, Defendants owes the Pension Fund $2,461.49 in accrued interest on the delinquent contributions, calculated through January 7, 2023. (Benitez Decl., ¶ 18.)

30.    Under Article XIV, Section 4 of the Trust Agreement and 29 U.S.C. § 1132(g)(2)(C), any judgment for delinquent contributions shall also include an amount equal to

the greater of either the unpaid interest or liquidated damages equal to twenty percent (20%) of the delinquent contributions. (Benitez Decl. ¶ 19.)

31.     Here, 20% of the balance of the delinquent contributions is $3,008.74 (i.e., 20% of $15,043.70), which is greater than the amount of interest owed on the delinquent contributions (i.e., $2,461.49). (Benitez Decl., ¶ 20.) Accordingly, Defendants owes liquidated damages in the amount of $3,008.74.

32.     Pursuant to 29 U.S.C. § 1132(g)(2), Defendants are required to pay all reasonable attorneys' fees and costs incurred in connection with this case. The attorneys' fees relating to this action total $3,070.50 and the costs total $465.00 (Declaration of Cara M. Anthaney, a copy of which is attached hereto as **Exhibit B** ("Anthaney Decl."), ¶¶ 4-8.)

33.     Under Article XIV, Section 4 of the Trust Agreement, interest on a judgment entered against an employer for delinquent contributions is computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged; or (ii) at an annualized interest rate of 7.5%, and with such interest to be compounded annually. (Benitez Decl. ¶ 21.)

**V.     Request for Default Judgment**

34.     Based on the foregoing, Plaintiffs request that this Court enter a default judgment against Defendants.

**WHEREFORE**, Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund, and Charles A. Whobrey, Trustee, respectfully request that this Court:

(a)     Enter a default judgment for unpaid contributions against Defendants Olmstead Construction, Inc and Matthew Olmstead jointly and severally and in favor of Plaintiffs in the total

amount of $24,049.43. This total amount consists of: (i) $15,043.70 for delinquent contributions (not including interest) for the work performed by Dighton for the period of December 27, 2021 through the week ending on November 5, 2022; (ii) prejudgment interest in the amount of $2,461.49; (iii) liquidated damages in the amount of $3,008.74; (iv) attorneys' fees in the amount of $3,070.50; and (v) costs in the amount of $465.00;

      (b)    Award Plaintiffs post-judgment interest at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

      (c)    Such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Cara Anthaney*
Cara M. Anthaney
(ARDC #6304583)
CENTRAL STATES FUNDS
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
(847) 939-2367
canthane@centralstatesfunds.org

March 22, 2024              *ATTORNEY FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I, Cara Anthaney, one of the attorneys for Plaintiffs, certify that on March 22, 2024, I caused the foregoing *Motion for Entry of Default Judgment* to be filed electronically. This filing was served on all parties indicated on the electronic filing receipt via the ECF system, and was served by UPS next-day air on the following individuals:

OLMSTEAD CONSTRUCTION, INC.
(a dissolved Iowa corporation)
c/o MATTHEW OLMSTEAD
(Registered Agent)
2536 ARABIAN RD
ALBURNETT, IA 52202-9767

*/s/ Cara M. Anthaney*
Cara M. Anthaney